UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 OCT 12 P 3: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES )
)
v. ) CRIM. NO. 03-10370-DPW
)
GARY NEWELL, )
)
)
)
Defendant )

### DEFENDANT GARY NEWELL's
### MOTION FOR SUPPLEMENTAL DISCOVERY

Pursuant to L.R. 116.3, defendant Gary Newell respectfully requests that the Court order the Government to provide him with the documents described in the attached <u>Addendum</u>, a subset of the documents that he requested in his discovery letters dated June 10, 2004; September 26, 2004; and September 28, 2004.

In support of his request, the defendant states the following:

1. The defendant is charged with conspiracy to distribute marijuana in this case. The charges arose from a motor vehicle stop of the defendant's truck that was conducted by the Cambridge Police Department at the direction of federal Drug Enforcement Administration (DEA) agents at approximately 10:00 A.M. on January 24, 2003. The roadside investigation included a search of the

    defendant's truck by Massachusetts State Trooper Mark Reid using a drug detection canine named Mako. Mako's performance at the scene was used by the investigating officers to secure a warrant to search the defendant's truck from a Cambridge District Court clerk-magistrate.

2. On September 28, 2004, the Court (Collings, J.) ordered that the defendant would have until October 12, 2004, to file any discovery motions regarding matters requested from the Government but not provided.

3. Both prior to and after the Court's order, the parties discussed the defendant's requests for discovery at length on several occasions with significant success.

4. The Government agreed to produce the majority of items sought by the defendant, to the extent that they remain in existence.[1]

5. The parties also entered into certain stipulations regarding some of the items sought by the defense.

6. In order to streamline the discovery process, defense counsel agreed to attempt to secure copies of various procedure and policy manuals and other items directly from the federal, state, and local law enforcement agencies by means of Freedom of Information Act requests.

---

[1] The Government confirmed that certain records relating to the drug detection dog have been destroyed by his handler. (*See*, Paragraph 11, below.)

7. Defense counsel sent out all of its FOIA requests for these items by September 27, 2004 and requested compliance by no later than October 8, 2004. The documents that the defendant seeks in his pending FOIA requests to the Drug Enforcement Administration and the Massachusetts State Police are identical to the items listed in the attached Addendum.

8. As of the date of this motion, only the Cambridge Police Department has provided the defense with its written response to the FOIA request and corresponding documents. Counsel for the Massachusetts State Police agreed to provide the agency's formal response and documents by October 8, 2004, but they have not arrived yet. The Drug Enforcement Administration has not responded, other than to inform defense counsel that the FOIA request directed to the DEA's Boston field office should be sent to its central information office in Virginia. Defense counsel sent a new request to the DEA's offices in Virginia that same day, September 30, 2004.

9. The defendant respectfully requests, as a prophylactic measure, that the Court order the Government to provide the documents set forth above in the event that his FOIA requests to the DEA and the Massachusetts State Police are not honored.

10. Finally, in his June 10, 2004 discovery letter, the defendant requested that the Government provide him with ''all training evaluations of the handlers of Mako (the drug detector canine used to secure a search warrant of the defendant's truck), including the handler identified as Massachusetts State Trooper Mark Reid.'' On October 6, 2004, the Government formally responded to this request by stating, ''This information is contained in Trooper Reid's personnel file. Therefore, the (G)overnment declines to produce it at this time.'' (Government's October 6, 2004 Letter, p. 2, Paragraph c.)

11. Upon information and belief, Trooper Mark Reid was drug detection canine Mako's exclusive handler and the keeper of the dog's performance records for approximately 9 years prior to the dog's retirement in or about April of 2004. The Government notified defense counsel in August of 2004 that Trooper Reid destroyed Mako's training records, which were at the officer's home, during the pendancy of this case.

12. In response to defense counsel's inquiries, the Massachusetts State Police has confirmed that the officer it assigns as a drug detector canine's handler is responsible for maintaining the dog's records and that no such files are maintained in its offices. Consequently, it appears that no duplicate set of Mako's records exists.

13. Under these circumstances, the defendant's request for the training evaluations of the drug detection dog's handler is reasonable and appropriate. In fact, other than certain training certificates, these evaluations appear to be the only remaining documentation available concerning the performance of the handler/dog team of Trooper Reid and Mako.

WHEREFORE, the defendant respectfully requests that the Court order the Government to produce: (a) the documents memorializing the Drug Enforcement Administration's and the Massachusetts State Police's policies and procedures, as itemized in the attached <u>Addendum</u>, in the event that these law enforcement agencies fail to comply with his Freedom of Information Act inquiries, and (b) all training evaluations of the handlers of the drug detection canine Mako, including Trooper Mark Reid, irrespective of whether those records are contained in the officer's personnel file.

Dated: October 12, 2004

Respectfully submitted,
Gary Newell,
By his attorney,

*/s/ Debra A. DelVecchio*
Debra A. DelVecchio
B.B.O. No. 542139
DEL VECCHIO & HOUSEMAN
15 Front Street
Salem, MA 01970
(978) 740-5999

# ADDENDUM

The defendant requests that the Government be ordered to produce the following records:

**A.   Drug Enforcement Administration Records**

1. <u>Motor Vehicle Stops</u>

   (a)   All Drug Enforcement Administration (``DEA'') departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect in January of 2003 concerning: (1) motor vehicle stops, (2) use of force by the police to effectuate such stops, (3) issuance of traffic citations, (4) drug investigations, and (5) use of police canine units.

   (b)   All DEA departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect during January of 2003 relating to drug investigations involving the participation of other federal and/or state or local law enforcement agencies.

2. <u>Turret Tapes</u>

   (a)   Copies of all DEA turret tapes made on January 24, 2003 during the period from 8:00 A.M. through 12:00 noon. If such records no longer exist, please indicate the date and time they were erased or otherwise destroyed, and by whom.

   (b)   All DEA departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect <u>as of</u> January of during 2003 relating to the creation, maintenance, and preservation of its turret tapes.

3. <u>Police Logs</u>

   (a)   Unredacted copies of all DEA logs, including Computer Assisted Dispatch logs, for the period of 9:00 A.M. through 12:00 Noon on January 24, 2003. If such records have been altered or no longer exist, please indicate the date and time they were altered, erased, or otherwise destroyed, and by whom.

(b) All DEA departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect <u>as of</u> January of 2003 relating to the creation, maintenance, and preservation of its police logs.

B. **Massachusetts State Police Records**

1. Training, Certification, and Use of Canine Units

(a) All Massachusetts State Police departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect in January of 2003 relating to the training of drug and currency detector canines, including certification standards for the Massachusetts K-9 Association or any other local or national certifying organizations.

(b) All Massachusetts State Police departmental or organization policies, rules, directives, memoranda, and operating procedures in effect in January of 2003 relating to the field use of drug and currency detector canines.

(c) All Massachusetts State Police departmental or organizational policies, rules, rules, directives, memoranda, and operating procedures in effect in January of 2003 that define or outline the minimum standard of training proficiency for drug and currency detector canines.

(d) All Massachusetts State Police departmental or organizational policies, rules, directives, memoranda, and operating procedures of the Massachusetts State Police in effect <u>as of</u> January 1, 2003 that define or outline the response/find ratio that canine search teams must maintain to remain in field service.

(e) All Massachusetts State Police departmental or organizational policies, rules, rules, directives, memoranda, and operating procedures in effect <u>as of</u> January 1, 2003 relating to the creation, maintenance, retention, and destruction

        of training, certification, and performance records of drug and currency detector canines, including recordkeeping after canines are retired from service.

(f)     All Massachusetts State Police departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect in January of 2003 relating to the participation of Massachusetts State Police drug and currency detector canines in investigations conducted by federal, local, or state law enforcement agencies. Such materials include policies and procedures relating to chain of command, reporting requirements, and the recordkeeping responsibilities of canine handlers and their superiors.

2.    Turret Tapes

   (a)     Copies of all Massachusetts State Police turret tapes made on January 24, 2003 during the period from 10:00 A.M. through 12:00 noon. If such records no longer exist, please indicate the date and time they were erased or otherwise destroyed, and by whom.

   (b)     All Massachusetts State Police departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect since January of 2003 relating to the creation, maintenance, and preservation of turret tapes.

3.    **Police Logs**

(a)   Unredacted copies of all Massachusetts State Police logs, including Computer Assisted Dispatch logs, for the period of 9:00 A.M. through 12:00 Noon on January 24, 2003. If such records have been altered or no longer exist, please indicate the date and time they were altered, erased, or otherwise destroyed, and by whom.

(b)   All Massachusetts State Police departmental or organizational policies, rules, directives, memoranda, and operating procedures in effect since January of

2003 relating to the creation, maintenance, and preservation of its police logs.

## AFFIDAVIT OF COUNSEL

Debra A. DelVecchio, being duly sworn, deposes and states that the following is true based upon my information and belief:

1. I was appointed to represent Gary Newell, an indigent defendant, in the above-entitled case which is currently pending before Judge Douglas P. Woodlock and Magistrate Judge Robert B. Collings in the United States District Court.

2. All of the information contained in my foregoing Motion for Supplemental Discovery is true to the best of my knowledge and belief, and based upon my conversations and exchange of documents with the Government. This information is incorporated into this affidavit as if fully recited here.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12TH DAY OF OCTOBER, 2004.

*[signature]*
Debra A. DelVecchio
B.B.O. No. 542139

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing discovery motion, together with its Addendum and Affidavit of Counsel, to be sent to Assistant District Attorney Rachel Hershfang by FAX to (617) 748-3965 and hand-delivery on October 12, 2004.

*[signature]*
Debra A. DelVecchio