UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CRIM. NO. 03-10370-DPW |
| | ) | |
| GARY NEWELL, | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION FOR SEVERANCE
### PURSUANT TO FED.R.CRIM.P. 14

Pursuant to Fed.R.Crim.P.r. 14, the defendant Gary Newell in the above-captioned matter respectfully requests that the Court sever his case from that of the co-defendants for trial. In support of his motion, counsel for the defendant states the following:

1. In this case, all of the defendants' evidentiary motions are set for hearing the week of July 26, 2005 followed by a trial date of September 12, 2005. In particular, Mr. Newell's motion to suppress related to a motor vehicle stop including a detector dog search was to be heard that week.

2. Yesterday, undersigned counsel learned that the detector dog expert she retained for Mr. Newell's suppression hearing is suddenly seriously ill and will be unavailable

      to testify next week. In fact, this expert is expected to undergo surgery and will be indisposed until the early fall. A motion to continue the date for the defendant's evidentiary hearing is pending with the Court.

3. The drug conspiracy at issue is alleged to have spanned from January, 2003 through December 1, 2003. Mr. Newell's alleged participation is the drug conspiracy at issue is limited to the events that occurred on or about January 24, 2003. These events are the heart of his motion to suppress.

4. Defense counsel and the Government believe that the Court's decision on Mr. Newell's motion is likely to be dispositive of his case. However, it is not expected to impact the evidence against any of the other defendants in the case.

5. Mr. Newell is alleged to have been a drug courier who transported marijuana from the West coast to Massachusetts on a single occasion in January of 2003. Unlike his co-defendants, Mr. Newell is not alleged to have bought or sold marijuana to anyone. There is no evidence that he received any compensation for his alleged participation. If the Government proves it allegations against him, Mr. Newell would be considered a relatively minor player in the drug conspiracy charged under 21 U.S.C. Section 846.

    6.    If Mr. Newell is tried with the co-defendants, there is a danger that a jury could misinterpret the evidence introduced against the co-defendants relating to activities after January 24, 2003 and use it to convict him improperly. See United States v. Flaherty, 668 F.2d 566, 582 (1st Cir. 1981). When many defendants, who have substantially different degrees of culpability, are tried together in a complex, single case, the risk of unfair prejudice is heightened. See Zafiro v. United States, 50 U.S. 534, 539 (1993) citing Kotteakos v. United States, 328 U.S. 750, 744-45 (1946). In this case, there is a clear danger that the evidentiary disparity between Mr. Newell and his co-defendants may lead the jury improperly to conclude that he is guilty by his mere association with one or more of these individuals.

WHEREFORE, the defendant respectfully requests that the Court grant his motion to sever. Counsel has discussed this motion with Assistant District Attorney Rachel Hershfang who has not yet decided whether she will assent to it.

Dated: July 19, 2005

Respectfully submitted,
Gary Newell,
By his attorney,

*[signature]*
Debra A. DelVecchio
B.B.O. No. 542139
15 Front Street
Salem, MA  01970
(978) 740-5999

## AFFIDAVIT OF COUNSEL

Debra A. DelVecchio, being duly sworn, deposes and states that the following is true based upon my information and belief:

1. I was appointed to represent Gary Newell, an indigent defendant, in the above-entitled case which is currently pending before Judge Douglas P. Woodlock in the United States District Court.
2. All of the information contained in my foregoing motion to continue is true to the best of my knowledge and belief, and is incorporated into this affidavit as if fully recited here.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19TH DAY OF JULY, 2005.

/s/ Debra A. DelVecchio
Debra A. DelVecchio
B.B.O. No. 542139


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion and affidavit were delivered to Assistant United States Attorney Rachel Hershfang at her office by FAX to (617) 748-3965 on July 19, 2005.

/s/ Debra A. DelVecchio
Debra A. DelVecchio
B.B.O. No. 542139