

## U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 25, 2005

BY FACSIMILE

Debra A. DelVecchio, Esq.
DelVecchio & Houseman
Perry Building
15 Front St.
Salem, MA 01970

     Re:  United States v. Gary Newell et al.
          Criminal No. 03-10370-DPW

Dear Ms. DelVecchio:

     This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Gary Newell ("Defendant"), in the
above-captioned case.  The Agreement is as follows:

     1.  Change of Plea

     At the earliest practicable date, but in no event later than
August 31, 2005, Defendant shall plead guilty to Count 1 of the
Second Superseding Indictment (the "Indictment") in this case.
Defendant expressly and unequivocally admits that he in fact
knowingly, intentionally, and willfully committed the crime
charged in Count 1 of the Indictment, and is in fact guilty of
that offense.  Defendant also admits that the offense charged in
Count 1 of the Indictment involved 100 kilograms or more of a
mixture or substance containing a detectable amount of marijuana,
a Schedule I controlled substance.

### 2.   Penalties

Defendant faces the following penalties on Count 1 of the Indictment:   a minimum mandatory term of imprisonment of five years, a maximum term of imprisonment of forty years, a fine of up to $2,000,000.00, a term of supervised release of at least 4 years up to life, and a $100.00 special assessment.

### 3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).   In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the position that Defendant is responsible for 100 to 400 kilograms of marijuana and that his Base Offense Level is 26.

Defendant reserves the right to take the position that he was either a minimal or minor participant in the criminal activity and that he is entitled to a four-level to two-level decrease in his offense level pursuant to U.S.S.G. §§ 3B1.2(a) or (b).   The U.S. Attorney reserves the right to oppose this argument.

Defendant will take the position that the Court should apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f) and impose a sentence without regard to the statutory minimum-mandatory sentence that is otherwise applicable in this case. Defendant also will take the position that, pursuant to §2D1.1(b)(6) of the Sentencing Guidelines, his offense level should be reduced by two levels.

The U.S. Attorney will recommend applying § 5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of §5C1.2(a)(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied §5C1.2(a)(5).

Defendant recognizes and acknowledges that, if the Court declines to apply §5C1.2 of the Sentencing Guidelines and 18

2

U.S.C. § 3553(f), Defendant will not receive an additional two level reduction pursuant to §2D1.1(b)(6) of the Sentencing Guidelines.

Defendant is not presently aware of any basis for departure under the United States Sentencing Guidelines.  In the event that Defendant learns that there is a basis for moving for departure, Defendant will give written notice to the U.S. Attorney of the basis for such departure not less than fourteen days before sentencing.  Any basis for departure for which written notice is not received at least fourteen days before sentencing is hereby expressly waived and cannot be argued at the time of sentencing.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

> (a) Fails to admit a complete factual basis for the plea;
>
> (b) Fails to truthfully admit his conduct in the offenses of conviction;
>
> (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (d) Fails to provide truthful information about her financial status;
>
> (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;
>
> (g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A term of incarceration within the applicable Guideline Sentencing Range but not below any applicable minimum mandatory sentence (unless Defendant satisfies § 5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f));

(b) A fine within the applicable fine range unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) A mandatory special assessment of $100; and

(d) A term of supervised release of 4 years.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than fourteen days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least fourteen days before sentencing shall be deemed waived.

4

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 7. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charge specified in paragraph one of this Agreement.

### 8. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

5

### 9.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release (if applicable), or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated August 24, 2005, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 10.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 11.   Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated August 24, 2005.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated August 24, 2005.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

6

If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Peter K. Levitt.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *James B. Farmer*

JAMES B. FARMER, Acting Chief
Violent & Organized Crime
Section

RACHEL E. HERSHFANG
PETER K. LEVITT
Assistant U.S. Attorneys

7

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter.  I
understand the crimes to which I have agreed to plead guilty, the
maximum penalties for those offenses and Sentencing Guideline
penalties potentially applicable to them.  I am satisfied with
the legal representation provided to me by my attorney.  We have
had sufficient time to meet and discuss my case.  We have
discussed the charges against me, possible defenses I might have,
the terms of this Plea Agreement and whether I should go to
trial.  I am entering into this Agreement freely, voluntarily,
and knowingly because I am guilty of the offenses to which I am
pleading guilty and I believe this Agreement is in my best
interest.

Gary Newell
Defendant

Date: 8/31/2005

I certify that Gary Newell has read this Agreement and that
we have discussed its meaning.  I believe he understands the
Agreement and is entering into the Agreement freely, voluntarily
and knowingly.

Debra A. DelVecchio, Esq.
Attorney for Defendant

Date: 8/31/05

8